THE STATE, EX REL. FRED. F. ARMSTRONG v. JOHN T. HAIGHT, COLLECTOR OF MONMOUTH COUNTY.

1. It is the duty of the county collector of Monmouth county, under the act of 1889 (*Pamph. L., p.* 325), to publish his financial statements of county affairs in all the newspapers of the county designated by the governor and comptroller to publish the laws.

2. The board of freeholders may cause the publication to be made in papers other than those designated to publish the laws, but the collector must publish in the papers so designated.

3. The limitation of thirty days in the law of 1889 refers to the time within which the board of freeholders may designate additional papers, and not to the time within which the collector shall publish in the papers designated to publish the laws.

On *mandamus.*

Argued at November Term, 1890, before Justices DEPUE and VAN SYCKEL.

For the relator, *Alfred Walling.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The relator publishes a newspaper in the county of Monmouth called the *Keyport Enterprise.*

Haight, the county collector, on May 14th, 1890, made a financial statement of the county affairs for the six months ending at that date.

The relator's paper was, on the 19th of June, 1890, lawfully designated to publish the laws of the state, of which the defendant had due notice on the 24th of June, 1890.

The defendant, although requested so to do, refused to publish said financial statement in the relator's paper.

*Mandamus* is now applied for to compel the defendant to make such publication.

In Monmouth county, financial statements are required to be published in newspapers, and not in pamphlet form.

A general law passed in 1889 (*Pamph. L., p.* 325) provides that in the several counties of this state where the financial statement of the county collector is published in the newspapers, the county collector shall publish such statement in all the newspapers in his county that are designated by the governor and comptroller to publish the laws, together with such other newspapers of the county as are designated by the

board of freeholders within thirty days after the annual meeting of the board.

A special law relating to the county of Monmouth, passed in 1873 (*Pamph. L., p.* 376, § 14), provides that the county collector shall make a statement of the financial affairs of the county twice in each year, one at the stated meeting of the board in May, and the other at the stated meeting in November, and that the board of freeholders shall, within thirty days after each meeting, cause the said statement to be published as required by law.

The manner of publication then required is prescribed by sections 43, 44 and 45 of the Chosen Freeholders' act. *Rev., pp.* 133, 134.

By an act passed in 1886 (*Pamph. L., p.* 216) it is provided that "in the several counties of this state where the financial statement of the county collector is published in the newspapers, the board of freeholders shall have power to designate such number of legal newspapers, not less than two, as in their judgment may seem proper; *provided,* they designate at least one newspaper of each political party."

By the special law the board of freeholders are vested with authority to publish the statement in certain newspapers to be designated by themselves.

By the law of 1889 it is made the duty of the collector to publish the statement in certain newspapers of the county designated by the governor and comptroller, in pursuance of the act of the legislature.

The board of freeholders may cause the publication to be made in papers other than those designated by the governor and comptroller, but the county collector must publish in the papers so designated. The law is mandatory, and there is no necessary conflict between the general and special law.

If these laws were in conflict, the general law of 1889 applies to all counties, and contains a general repealing clause, and therefore supersedes the special act. It would not be a general law unless it applies to all counties where financial

statements are published in newspapers.  *New Brunswick* v. *Williamson,* 15 *Vroom* 165.

An interpretation of the law of 1889 must be adopted which will uphold it as a general law.

The limitation of thirty days in the general law of 1889, refers to the time within which the board of freeholders may designate additional newspapers in which the statement shall be published, and not to the time within which the collector shall publish in the papers designated by the governor and comptroller.

The relator is entitled to the writ applied for.